# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-596V
Filed: August 24, 2018

* * * * * * * * * * * * *
OLIVIA JEFFERS, *as Natural*     *
*Guardian and Legal Representative*   *
*of her Minor Son*, X.J.        *       UNPUBLISHED
                    *
        Petitioner,     *       Decision on Joint Stipulation;
                    *       Transverse Myelitis;
v.                     *       Influenza ("Flu") Vaccine
                    *
SECRETARY OF HEALTH     *
AND HUMAN SERVICES,     *
                    *
        Respondent.     *
* * * * * * * * * * * * *

*Nancy Myers Esq.*, Ward Black Law, Greensboro, NC, for petitioner.
*Lara Englund, Esq.*, US Department of Justice, Washington, DC, for respondent.

## DECISION ON JOINT STIPULATION[1]

**Roth**, Special Master:

      On May 3, 2017, Petitioner ["Ms. Jeffers or "petitioner"] filed a petition on behalf of her minor son, X.J., for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that he developed transverse myelitis after receiving an influenza ("flu") vaccine

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

on November 13, 3015. Stipulation, filed August 16, 2018, at ¶¶ 1-4. Respondent denies that any of the aforementioned immunizations caused petitioner's injury. Stipulation at ¶ 6.

Nevertheless, the parties have agreed to settle the case. On August 16, 2018, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms.

Respondent agrees to issue the following payments:

    a. A lump sum of **$63,497.39**, which represents a lien for services rendered in the form of a check payable jointly to petitioner, **Olivia Jeffers, and**

**Optum Subrogation Services**
File #SN13439094
75 Remittance Drive
Suite 6019
Chicago, IL 60675-6019

    b. A lump sum of **$500.00**, in the form of a check payable to petitioner for past unreimbursed expenses; and

    c. An amount sufficient to purchase the annuity contract described in paragraph 10 of the Stipulation, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

This amount represents compensation for all damages that would be available under § 300aa-15(a).

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                **s/ Mindy Michaels Roth**
                Mindy Michaels Roth
                Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| OLIVIA JEFFERS, as Natural Guardian and Legal Representative of her Minor Son, X.J., | ) ) ) |
| Petitioner, | ) ) |
| v. | ) ) |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) |
| Respondent. | ) ) ) |

No. 17-596V
Special Master Mindy Michaels Roth

## **STIPULATION**

The parties hereby stipulate to the following matters:

1. On behalf of her son, X.J., petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program").  The petition seeks compensation for injuries allegedly related to X.J.'s receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. X.J. received his immunization on or about November 13, 2015.

3. The vaccine was administered within the United States.

4. Petitioner alleges that the vaccine caused X.J. to suffer from transverse myelitis, and that X.J. experienced residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of X.J. as a result of his condition.

6. Respondent denies that the vaccine caused X.J. to suffer from transverse myelitis or any other injury or his current condition.

7.   Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.   As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments for all damages that would be available under 42 U.S.C. §300aa-15(a):

    a.   A lump sum of **$63,497.39**, which amount represents reimbursement of a lien for services rendered on behalf of X.J., in the form of a check payable jointly to petitioner and

Optum Subrogation Services
File # SN13439094
75 Remittance Drive
Suite 6019
Chicago, IL 60675-6019

Petitioner agrees to endorse this check to Optum Subrogation Services.

    b.   A lump sum of **$500.00**, in the form of a check payable to petitioner for past unreimbursed expenses; and

    c.   An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

9.   The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a.   A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b.   Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

2

    c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10.  The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of X.J., pursuant to which the which the Life Insurance Company will agree to make four lump sum payments to X.J. for all remaining damages that would be available under 42 U.S.C. §300aa-15(a), as follows:

    a.  a guaranteed lump sum payment of $31,087.00 to be paid on August 27, 2020;

    b.  a guaranteed lump sum payment of $32,126.00 to be paid on August 27, 2021;

    c.  a guaranteed lump sum payment of $33,229.00 to be paid on August 27, 2022; and

    d.  a guaranteed lump sum payment of $34,464.00 to be paid on August 27, 2023.

The period certain payments shall be made as set forth; however, should X.J. predecease any date of payment referenced above in this paragraph or be declared incompetent by a court with proper jurisdiction, then any remaining payment shall be made to X.J.'s estate. Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of X.J.'s death.

11.  The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and

Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12.  As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13.  Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

14.  Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15.  The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of X.J. as contemplated by a strict construction of 42 U.S.C. §300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16.  In return for the payments described in paragraphs 8 and 12, petitioner, in her individual capacity and as legal representative of X.J., on behalf of herself, X.J., and his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally

4

release, acquit and discharge the United States and the Secretary of Health and Human Services

from any and all actions or causes of action (including agreements, judgments, claims, damages,

loss of services, expenses and all demands of whatever kind or nature) that have been brought,

could have been brought, or could be timely brought in the Court of Federal Claims, under the

National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or

in any way growing out of, any and all known or unknown, suspected or unsuspected personal

injuries to or death of X.J. resulting from, or alleged to have resulted from, the vaccination

administered on November 13, 2015, as alleged by petitioner in a petition for vaccine

compensation filed on or about May 3, 2017, in the United States Court of Federal Claims as

petition No. 17-596V.

17.  If X.J. should die prior to entry of judgment, this agreement shall be voidable upon

proper notice to the Court on behalf of either or both of the parties.

18.  If the special master fails to issue a decision in complete conformity with the terms

of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a

decision that is in complete conformity with the terms of this Stipulation, then the parties'

settlement and this Stipulation shall be voidable at the sole discretion of either party.

19.  This Stipulation expresses a full and complete negotiated settlement of liability and

damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except

as otherwise noted in paragraph 12 above.  There is absolutely no agreement on the part of the

parties hereto to make any payment or to do any act or thing other than is herein expressly stated

and clearly agreed to.  The parties further agree and understand that the award described in this

Stipulation may reflect a compromise of the parties' respective positions as to liability and/or

amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20.  Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21.  This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused X.J. to suffer transverse myelitis or any other injury or his current condition.

22.  All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of X.J.

END OF STIPULATION

Respectfully submitted.

PETITIONER:

OLIVIA JEFFERS

ATTORNEY OF RECORD FOR
PETITIONER:

NANCY R. MEYERS
WARD BLACK LAW, P.A.
208 West Wendover Avenue
Greensboro, NC 27401
Tel: (336) 333-2244

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

NARAYAN NAIR, M.D.
Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

AUTHORIZED REPRSENTATIVE
OF THE ATTORNEY GENERAL:

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

ATTORNEY OF RECORD FOR
RESPONDENT:

LARA ENGLUND
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 307-3013

Dated: 8/16/18

7