# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 17-596V
Filed:  October 10, 2018

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | |
| OLIVIA JEFFERS, *as Natural* | * | |
| *Guardian and Legal Representative* | * | |
| *of her Minor Son,* X.J., | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | * | |

*Nancy Myers, Esq.*, Ward Black Law, Greensboro, NC, for petitioner.
*Lara Englund, Esq.*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On May 3, 2017, Olivia Jeffers ("Ms. Jeffers" or "Petitioner") filed a petition on behalf of her minor son, X.J., for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012).  Petitioner alleged that X.J. developed transverse myelitis after receiving an influenza ("flu") vaccine on November 13, 2015. Petition at 1-2. On

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

August 16, 2018, the parties filed their Stipulation for Award, which the undersigned adopted as her decision on the same day. *See* Decision, ECF No. 28.

On August 29, 2018, Petitioner filed an application for attorneys' fees and costs. ECF No. 30 ("Fees App."). Petitioner requested total attorneys' fees and costs in the amount of $19,965.35 (representing $17,957.50 in attorneys' fees and $2,007.85 in costs). Fees App at 1. Pursuant to General Order No. 9, Petitioner has indicated that he has not personally incurred any costs in pursuit of this litigation. *Id.* Ex. 1. Respondent responded to the motion on September 6, 2018, stating "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3 (ECF No. 33). Petitioner filed a reply on the same day, concurring with Respondent's recommendation and also asking that the undersigned exercise her discretion in determining a reasonable award. ECF No. 34.

This matter is now ripe for consideration.

## I.    Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II.    Discussion

### a.    Reasonable Hourly Rate

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for

the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

For the work of her attorney, Ms. Nancy Meyers, Petitioner requests the following rates of compensation: $350.00 per hour for work performed in 2016-2017, and $375.00 per hour for work performed in 2018. Fees App. at 1. Petitioner also requests that paralegals be compensated at $145.00 per hour for all work performed, irrespective of year. *Id.* These amounts are consistent with what the undersigned, and other special masters, have awarded Ms. Meyers in previous Vaccine Program cases. *See Porges v. Sec'y of Health & Human Servs.*, No. 15-427V, 2018 WL 2772241, at *3 (Fed. Cl. Spec. Mstr. May 7, 2018); *Drake v. Sec'y of Health & Human Servs.*, No. 16-732V, 2018 WL 4391065, at *2 (Fed. Cl. Spec. Mstr. Aug. 20, 2018). Accordingly, no adjustment to the requested rates is required.

**b. Hours Reasonably Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-

---

[3] The fee schedules are posted on the Court's website. *See* Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2015–2016*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf (last visited September 8, 2017); Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2017*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-ForumRate-Fee-Schedule2017.pdf (last visited September 8, 2017).

half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08–756V, 2014 WL 2885684, at \*3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14–111V, 2016 WL 2853910, at \*2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728–29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Upon review of petitioner's application, the undersigned finds that a number of the billing entries for paralegals are excessive or are properly considered to be administrative/clerical work. Examples of these entries include: entries for scanning medical records (8/3/16, 8/16/16, 3/23/17, 9/25/17); entries concerning receiving and paying invoices (3/14/17, 3/17/17, 2/22/18); entries for downloading files from CMECF, particularly ones which were previously filed by petitioner herself (5/3/17, 5/8/17). Fees App. Ex. 2 16-24.[4] Other entries reflect an excessive amount of time billed for relatively simple tasks. For example, on April 30, 2018, paralegals billed 0.7 hours for review and printing of electronic notices generated by CMECF, and saving said notices in the proper file on the office hard drive. The two notices generated that day were when petitioner's counsel filed a status report, and when the undersigned issued a non-PDF scheduling order. *Id.* at 20. It is unclear why it took the majority of an hour to print and save these relatively routine and non-descript orders. Similarly, a paralegal billed nearly two hours in March of 2018 scanning medical records, which is not compensable, and to prepare a notice of filing, which is a simple one page document. *Id.*

In sum, the undersigned finds it reasonable to reduce the amount of billed paralegal time by 15%. The records reflect total billed paralegal time of 62 hours – this results in a reduction of 9.3 hours of billed time and a dollar reduction of $1,348.50.

### c.  Reasonable Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $2,007.85 in costs, comprising of obtaining medical records, postage, photocopies, and the Court's filing fee. All of these costs are typical costs in Vaccine Program cases, and Petitioner has provided adequate documentation of all her requested costs. The undersigned finds all of the requested costs reasonable, and shall reimburse them in full.

## III.   Conclusion

Based on the foregoing, the undersigned **awards the total of $18,616.85**, representing $16,609.00 in attorneys' fees, and $2,007.85 in costs, in the form of a check made payable jointly to petitioner and petitioner's counsel, Nancy Meyers Esq. In the absence of a motion for review

---

[4] These dates of entries merely represent examples of improper billing entries and are not meant to be an exhaustive list of all such examples.

filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

s/Mindy Michaels Roth
Mindy Michaels Roth
Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).